UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YUNEISY RODRIGUEZ
FERNANDEZ,

          Petitioner,

v.

                                             Case No. 3:26-cv-838-MMH-LLL

GARRETT RIPA, et al.,

          Respondents.

_____

## **ORDER**

Petitioner Yuneisy Rodriguez Fernandez, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus and Request for Order to Show Cause (Doc. 1; Petition). According to Fernandez, she is a citizen of Cuba who entered the United States on March 22, 2022. Id. at 18. On January 22, 2026, United States Immigration and Customs Enforcement detained Fernandez. Id. Fernandez has a pending Form I-589 Application for Asylum and Withholding of Removal. Id. at 19. Fernandez raises various challenges to her immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 19–29.

Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 9; Response) asserting that they are now detaining Fernandez under 8 U.S.C.

§ 1226(a), and conceding that to the extent she seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. May 6, 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Fernandez filed a counseled Reply (Doc. 10; Reply). She asks the Court to direct that she be released or, in the alternative, be afforded an individualized bond hearing within seven days. Reply at 1–2.

When Fernandez was detained in January 2026, she was not seeking entry at the border; therefore, as Respondents now concede she is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1.    Fernandez's Petition for Writ of Habeas Corpus and Request for Order to Show Cause (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the Immigration and

2

Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Fernandez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Fernandez, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2.   The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of June, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 6/9
c:
Counsel of Record

---

[1] Because the Court finds that Fernandez is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").